IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN BEDGOOD, KENNETH CONLEY, KENNETH HARRISON, WILLIAM NORRIS, MICHAEL READY, RUBEN RODRIGUEZ, JOHN UPTON, and WILLIAM WARREN, individually and on behalf of other employees similarly situated | § § § § § § § § | |
| Plaintiffs | § | |
| v. | § § | CIVIL ACTION NO. 4:09−cv−02425 |
| TESCO CORPORATION (US), | § § | |
| Defendant | § § | JURY TRIAL DEMANDED |

JOINT DISCOVERY/ CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE

1.  State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.

    Counsel participating for Plaintiffs:

    Trang Q. Tran
    Andrew H. Iwata
    Tran Law Firm, L.L.P.
    3050 Post Oak Blvd., Suite 1720
    Houston, Texas  77056
    Telephone: (713) 223-8855
    Facsimile: (713) 623-6399

    W. Jackson Wisdom
    James M. Cleary, Jr.
    Martin, Disiere, Jefferson, & Wisdom, L.L.P.
    808 Travis, Suite 1800
    Houston, Texas  77002
    TEL: (713) 632-1700
    FAX: (713) 222-0101

    The conference occurred on September 25, 2009.

1

2.      List the cases related to this one that are pending in any state or federal court
        with the case number and court.

        There are no related cases pending in State or Federal Court.  However, there is
        an arbitration pending in which some of Plaintiffs' co-workers who agreed to
        arbitration are pursuing their claims.

3.      <u>Briefly</u> describe what the case is about.

        Plaintiffs contend that they and their fellow Top Drive Technicians were not
        paid for all hours worked in excess of forty (40) each work week at one and a
        half (1.5) times their regular rate, during periods when they were non-exempt
        from Fair Labor Standards Act ("FLSA").

4.      Specify the allegation of federal jurisdiction.

        The Plaintiffs' claims arise under the Fair Labor Standards Act ("FLSA").
        29 U.S.C. §201 *et. seq.* Accordingly, Plaintiff contends this Court has jurisdiction
        over the subject matter of this action under 29 U.S.C. §216(b) and 28 U.S.C.
        §1331.

5.      Name the parties who disagree and the reasons.

        None.

6.      List anticipated additional parties that should be included, when they can be
        added, and by whom they are wanted.

        None, except for the members of the potential class; see item eight.

7.      List anticipated interventions.

        None, except for the members of the potential class; see item eight.

8.      Describe class-action issues.

        Plaintiffs have filed this FLSA lawsuit as a collective action and will ask the
        Court to conditionally certify the class and permit notice of the collective action
        to the class members.   Plaintiff will file a motion for collective action
        certification, at which time this Court will determine whether there are employees
        who are "similarly situated" to Plaintiff.

        The class which Plaintiffs seek to represent consists of all of Defendant's Top
        Drive Technicians who did not consent to submit their claims to arbitration.  The
        employees who did agree to submit claims to arbitration will be part of arbitration
        and not this class.

9.    State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.

The parties agree to serve their initial disclosures by October 30, 2009.

10.    Describe the proposed agreed discovery plan, including:

A.    Responses to all the matters raised in Rule 26(f).
Plaintiff submits that the subjects on which discovery will be needed include all of the following:

(1)    The total and dates of all hours in which Plaintiffs and similarly-situated individuals worked for Defendant;

(2)    The compensation paid to Plaintiffs and similarly-situated individuals who worked for Defendant, and the formula or method by which such compensation was calculated;

(3)    All reasons Defendant has or will assert, if any, for Defendant's failure, if any, to pay Plaintiffs and similarly-situated individuals overtime, including any claimed exemptions and the factual basis thereof;

(4)    All of Defendant's employment policies or practices governing the rights and responsibilities of employees, including Defendants' policies on employee absences, sick leave, disciplinary penalties, incentive pay, and scheduling.

(5)    All documents in the possession of Defendants which contain evidence of items 1 through 4 above.

(6)    Willfulness for purposes of Fair Labor Standards Act.

B.    When and to whom the plaintiffs anticipate they may send interrogatories.

Plaintiffs intend to send their first set of interrogatories before the close of discovery.

C.    When and to whom the Defendant anticipates it may send interrogatories.

Defendant intends to send its first set of interrogatories before the close of discovery.

D.    Of whom and by when the plaintiffs anticipates taking oral depositions.

Plaintiffs anticipate taking the depositions of Defendant's corporate representatives and other witnesses identified in disclosures by the close of discovery.

E.    Of whom and by when the defendant anticipates taking oral depositions.

Defendant anticipates taking the depositions of Plaintiffs and other witnesses identified in disclosures by the close of discovery.

F.    When the plaintiffs (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the defendant (or the opposing party) will be able to designate responsive experts and provide their reports.

Plaintiffs will designate experts and provide the reports by April 30, 2010. Defendant will designate experts and provide reports by May 31, 2010.

G.    List expert depositions the plaintiffs (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Plaintiffs anticipate taking the deposition of any expert that Defendants designate by the close of discovery.

H.    List expert depositions the opposing party anticipates taking and their anticipated completion date.

Defendant anticipates taking the deposition of any expert that Plaintiffs designate by the close of discovery.

11.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

The parties agree on the discovery plan.

12.    Specify the discovery beyond initial disclosures that has been undertaken to date.

Defendant has produced pay and time records relating to the plaintiffs who have opted into this lawsuit.

13.    State the date the planned discovery can be reasonably completed.

4

July 26, 2010.

14.     Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

        Plaintiff and Defendants have already initiated settlement discussions, and will continue such discussions as the case progresses.

15.     Describe what each party has done or agreed to do to bring about a prompt resolution.

        Plaintiffs and Defendants have initiated settlement discussions.

16.     From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

        The parties are willing to consider mediation if the parties' early settlement negotiations do not resolve the matter.

17.     Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.

        The parties cannot agree to trial to the magistrate judge.

18.     State whether a jury demand has been made and if was made on time.

        A timely jury demand was made in Plaintiffs' Original Complaint.

19.     Specify the number of hours it will take to present the evidence in this case.

        The parties anticipate that it will take 24 hours per side to present evidence in this case.  Further, this an estimate of the time reasonably believed necessary to proffer evidence in support of the parties' claims and defenses. Such time estimates may require amendments as discovery proceeds.  The parties may seek additional time to present evidence in the event that the Court certifies a collective action.

20.     List pending motions that could be ruled on at the initial pretrial and scheduling conference.
         None.

21.     List other motions pending.

None.

22.   Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

      None.

23.   Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

      Plaintiffs filed a certificate of interested parties on August 14, 2009.

      Defendant filed a certificate of interested parties on September 25, 2009.

24.   List the names, bar numbers, addresses and telephone numbers of all counsel.

      **COUNSEL FOR PLAINTIFFS**

      Trang Q. Tran
      Federal I.D: 20361
      State Bar Number: 00795787
      Andrew H. Iwata
      Federal I.D: 625974
      State Bar Number: 24048568
      TRAN LAW FIRM L.L.P.
      3050 Post Oak Blvd., Suite 1720
      Houston, Texas 77056
      Telephone: (713) 223-8855
      Facsimile: (713) 623-6399

      COUNSEL FOR DEFENDANTS
      W. Jackson Wisdom
      State Bar No. 21804025
      Federal I.D. No. 13756
      James M. Cleary, Jr.
      State Bar No. 00783838
      Federal I.D. No. 15499
      Diana Pérez
      State Bar No. 24041674
      Fed. ID. No. 13945
      Martin, Disiere, Jefferson, & Wisdom, L.L.P.
      808 Travis Ste 1800
      Houston, TX, 77002
      Telephone: (713) 632 - 1700

Facsimile: (713) 222-0101
wisdom@mdjwlaw.com
cleary@mdjwlaw.com

Respectfully submitted,

Date: September 25, 2009         By: /S/Trang Q. Tran
                                 Trang Q. Tran
                                 State Bar Number: 00795787
                                 Andrew H. Iwata
                                 State Bar Number: 24048568
                                 Tran Law Firm L.L.P.
                                 3050 Post Oak Blvd., Suite 1720
                                 Houston, Texas 77056
                                 Telephone: (713) 223-8855
                                 Facsimile: (713) 623-6399

                                 **ATTORNEYS FOR PLAINTIFFS**

Date: September 25, 2009         By: /S/W. Jackson Wisdom          *
                                 W. Jackson Wisdom
                                 State Bar No. 21804025
                                 Federal I.D. No. 13756
                                 MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
                                 808 Travis Street, Suite 1800
                                 Houston, Texas 77002
                                 Telephone:  (713) 632-1700
                                 Facsimile:  (713) 222-0101

                                 ATTORNEY-IN-CHARGE   FOR   DEFENDANT,
                                 TESCO CORPORATION(US)

                                 *SIGNED BY PERMISSION

OF COUNSEL:

James M. Cleary, Jr.
State Bar No. 00783838
Federal I.D. No. 15499

Diana Pérez
State Bar No. 24041674
Fed. ID. No. 13945
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis Street, Suite 1800
Houston, Texas 77002
Tel:  (713) 632-1700
Fax:  (713) 222-0101


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was

forwarded on September 25, 2009, in the following manner to:


/S/Andrew H. Iwata_____
Andrew H. Iwata


*(Via- Email at wisdom@mdjwlaw.com and cleary@mdjwlaw.com)*
W. Jackson Wisdom
James M. Cleary, Jr.
Martin, Disiere, Jefferson, & Wisdom, L.L.P.
808 Travis, Suite 1800
Houston, Texas  77002